

**NUMBER 13-12-00077-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SERGIO DANIEL GONZALES,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

**On Appeal from the 197th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Sergio Daniel Gonzales, attempted to perfect an appeal from a conviction for aggravated assault. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the

merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

On January 13, 2012, appellant filed a notice of appeal challenging the trial court's June 18, 2003, "Order of Deferred Adjudication; Placement on Community Supervision" for aggravated assault on a public servant. According to the order, appellant entered a plea of guilty and was placed on deferred adjudication community supervision for ten years. On January 26, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than eight years after the order was entered, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;

2

however, the availability of that remedy is beyond the jurisdiction of this Court.    *See* TEX.

CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988

S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.    All pending motions

are likewise DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM

Do not publish.    *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of April, 2012.